## Klinger v. McClaflin

*Joseph F. Torsella*, for plaintiff.
*Robert E. Bull*, for defendants.

MYERS, *P.J.*, March 9, 1978—Plaintiff commenced the instant action before a district justice, who rendered a decision in plaintiff's favor on November 18, 1977. Defendants filed a notice of appeal on December 2, 1977. On that same date, the notice of appeal was mailed to plaintiff.

The notice was received by plaintiff on December 3, 1977. On December 23, 1977, plaintiff filed a complaint.

According to Pa.R.C.P.J.P. 1004B, if an appeal is filed by a defendant in an action before a district justice, the defendant ". . . shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros."

Plaintiff asserts that "service" occurred when he received the notice of appeal on December 3, and that his complaint was therefore timely filed.

Defendants, on the other hand, contend that service took place on December 2, the date that the notice was mailed.

Defendants therefore maintain that plaintiff's complaint was filed on the 21st day after service,

and that the complaint accordingly should be dismissed. Under the law, defendants' position is clearly correct.

According to Pa.R.C.P.J.P. 1001(8), "[s]ervice by 'certified or registered mail' means the *mailing* of properly addressed certified or registered mail." (Emphasis supplied.) Rule 1001(8) thus necessarily implies that the date of mailing is the date on which service occurs. This conclusion is further supported by a statement which appears on the official Notice of Appeal form: "The date of service of this rule, if service was by mail, is the date of mailing."

Furthermore, under Pa.R.C.P.J.P. 1001(9), proof of service made by mail does not require a return receipt. If service occurred on the date that the notice was received in the mail, a return receipt would obviously be necessary to establish proof of service.

Accordingly, we conclude that service of a notice of appeal from a judgment by a district justice takes place on the date of mailing. Plaintiff's complaint was therefore not timely filed, and it must be dismissed. Courts have repeatedly held that rules of limitation are mandatory and must be strictly enforced in order to promulgate effective and efficient administration of justice.

## ORDER

And now, March 9, 1978, plaintiff's complaint shall be stricken due to untimely filing. The prothonotary is directed to enter a judgment of non pros.